# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CALS IFENATUORA, #26593538 * | |
| Petitioner * | |
| * | |
| v * | Civil Action No. PJM-10-1091 |
| * | Related Criminal Action No. HM-90-480 |
| UNITED STATES * | |
| Respondent * | |

## MEMORANDUM OPINION

Ifenatuora petitions for coram nobis relief to vacate his mail fraud conviction, claiming ineffective assistance of counsel based on the ruling in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). This case will be stayed pending a decision on a related matter now pending in the United States District Court for the Eastern District of California.

I.   Immigration Status

Ifenatuora was admitted to the United States as a student with a F-1 immigration classification. On July 5, 1983, his status was adjusted to that of a Legal Permanent Resident.

II.   Convictions

On February 20, 1991, Ifenatuora pleaded guilty in this jurisdiction to mail fraud in violation of 18 U.S.C. § 1341, and on January 22, 1992, he was sentenced him to twenty-four months imprisonment to be followed two years supervised release. Criminal Action No. HM-90-480 (D. Md). Ifenatuora did not file a direct appeal or a Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255. On January 17, 1997, Ifenatuora was convicted in the United States District Court for the Eastern District of California of the unauthorized use of an access device in violation of 18 U.S.C. § 1029 (a) (2) (b) (1), and sentenced to thirty-seven months incarceration.

III.   Notice of Removal

On September 22, 1998, Ifenatuora was served with a Notice to Appear by the Immigration and Customs Enforcement Agency, which notified him that he was removable pursuant to the

Immigration and Naturalization Act at § 237 (a)(2)(A)(ii) and (iii) because he had been convicted of two crimes involving moral turpitude and convicted of an aggravated felony. On July 19, 2006, a final removal order was issued against Ifenatuora in absentia after he failed to appear for his hearing; Ifenatuora was taken into custody on June 16, 2009.

IV.    Coram Nobis

A writ of error coram nobis is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue. *See* 28 U.S.C. § 1651 (2006); *Morgan*, 346 U.S. at 512-13. This extraordinary writ is used where "no other remedy may be available," and an "error of the most fundamental character" must have occurred. *United States v. Mandel*, 862 F.2d, 1067, 1075.

In April of 2010, Ifenatuora filed the instant Petition for Writ of Error Coram Nobis to challenge his mail fraud conviction, claiming that his plea counsel provided ineffective assistance by failing to advise him in 1991 about the immigration consequences of entering his guilty plea.[1] Ifenatuora also filed a coram nobis petition in the Eastern District of California to vacate his 1997 conviction for unauthorized use of an access device. Counsel was appointed to represent Ifenatuora, a traverse in reply to the government's opposition was filed on January 31, 2011, and the matter is under review. *See* Civil Action No. 2:96-cr-88 GEB DAD (E.D. Cal.). Presumably, if Ifenatuora were successful in securing vacatur of his 1997 conviction, he would not have the requisite number of prior qualifying convictions for removal. Ifenatoura has also filed a Petition for Writ of Coram Nobis in the Fourth Circuit. CA4 10-1492 and 10-6934.

---

[1] After this Court dismissed his motion for discovery without prejudice, Ifenatoura filed an interlocutory appeal in the Fourth Circuit which was dismissed for want of jurisdiction. CA4 No. 10-7556 (April 27, 2010).

V. Stay

Inasmuch as a determination by the Eastern District of California will bear upon a number of considerations pertinent to the case at bar, including whether Ifenatuora will continue be subject to continuing adverse consequences so to warrant consideration of coram nobis relief, this case will be stayed pending the decision of the Eastern District. A separate Order follows.

/s/
PETER J. MESSITTE
April 29, 2011                                           UNITED STATES DISTRICT JUDGE